IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

D. NEIL HARRIS AND ASSOCIATES, P.A. and
D. NEIL HARRIS, SR., INDIVIDUALLY AND D/B/A
D. NEIL HARRIS AND ASSOCIATES, P.A.                    PLAINTIFFS

VS.                          CIVIL ACTION NO.: 1:08CV1489 HSO-MTP

STATE FARM FIRE AND CASUALTY
COMPANY, et al                              DEFENDANTS

### STATE FARM FIRE AND CASUALTY COMPANY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) VIDEO DEPOSITION

COMES NOW, Defendant, State Farm Fire and Casualty Company ("State Farm Fire"), and respectfully files its Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition ("the Notice"):

## I.
## General Objections

State Farm Fire objects to the Notice and the topics therein because they are overly broad and unduly burdensome and fail to comply with the requirements of Fed.R.Civ.P. 30(b)(6) because they fail to "describe with reasonable particularity the matters on which the examination is requested."

State Farm Fire objects to the document requests contained within Plaintiffs' Notice to the extent they seek documents substantially identical to those requested in previous Requests for Production or Interrogatories as such requests are duplicative and/or cumulative of the prior requests. State Farm Fire objects to any duplicative and cumulative requests and incorporates its prior discovery responses as objections to such duplicative and cumulative document requests.

State Farm Fire objects to the Notice to the extent Plaintiffs seek information regarding types of claims other than the type at issue in this lawsuit. Plaintiffs' claims arise from alleged

damage to their home related to Hurricane Katrina and Plaintiffs' effort to expand discovery to other types of claims seeks information that is not relevant to any claims or defenses in this action.

State Farm Fire objects to the Notice to the extent Plaintiffs seek a corporate representative to testify concerning or to produce documents containing any personal or identifying information regarding any persons other than Plaintiffs in this action. State Farm Fire is obligated to maintain such personal and private information as confidential under the Gramm Leach Bliley Act and similar state statutory and administrative code provisions.

State Farm Fire objects to the Notice to the extent Plaintiffs seek a corporate representative to testify concerning or to produce documents containing information protected from disclosure under the attorney/client privilege, work product privilege or any other applicable privilege.

## II.
## Specific Objections to Plaintiffs' Proposed Topics

**1.    The identities, by full name and company title, of all persons who participated in making any decision on behalf of State Farm regarding Plaintiffs' claims;**

**OBJECTION:**  State Farm Fire objects to this topic to the extent it is invasive of attorney client and work product privileges.  State Farm Fire will produce a corporate representative to identify those persons on behalf of State Farm Fire with non-privileged involvement in the plaintiffs' claim.

**2.    The date of and basis (facts and applicable policy language) for any and all decisions to deny coverage, claims and/or payments which are the subject of this cause of action, in whole or in part;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**3.    The identification of any and all documents, and a description of any and all facts that State Farm contends supports its denial of coverage for and/or refusal to pay any of Plaintiffs' claims that are the subject of this litigation, or any part thereof;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**4.    The identification of, date of, author and recipients of, description of, contents of, interpretation and application of any and all State Farm guidelines, policies, procedures, recommendations, updates, memos, intranet information, communications and documents of any type, hard copy and/or electronic, that addressed and/or governed adjusting, investigating, processing, reviewing, and/or denying claims, such as the claims which are the subject of this litigation, as they existed at the time the subject claims were adjusted, investigated, processed, reviewed, and/or denied;**

**OBJECTION:**  State Farm Fire objects to Plaintiffs' inquiry into the "author and receipts of" as well as generic "interpretation and application" of State Farm Fire's guidelines, policies, procedures, etc. as this topic seeks irrelevant information which "strays from the matters at issue in this case."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the final version of those guidelines, policies, procedures, etc. actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said terms and conditions are relevant.  *Id.* pp. 2-3.  The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

    a)    it is vague and ambiguous;

    b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

        *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because

"[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim"; *aff'd, Marion* [228], 2008 WL 723976;

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information  confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**5.    The identification of, date of, author and recipients of, description of, contents of, interpretation and application of any and all State Farm guidelines, policies, procedures, recommendations, updates, memos, intranet information, communications and documents of any type, hard copy and/or electronic, that addressed and/or governed how to determine (for the time period August 29, 2005 through the present) the amount of loss of income that is recoverable under a business policy such as that at issue in this litigation, including but not limited to those documents that address how many prior months and/or years of income should be considered, and how to determine whether "extra expenses" are recoverable as part of Loss of Income and/or the separate coverage part in the policy for "Extra Expenses;"**

**OBJECTION:**  State Farm Fire objects to Plaintiffs' inquiry into the "author and receipts of" as well as generic "interpretation and application" of State Farm Fire's guidelines, policies, procedures, etc. as this topic seeks irrelevant information which "strays from the matters at issue in this case."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the final version of those guidelines, policies, procedures, etc. actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said terms and conditions are relevant.  *Id.* pp. 2-3. The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the

policies and practices." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

        a)     it is vague and ambiguous;

        b)     it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

                *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim"; *aff'd, Marion* [228], 2008 WL 723976;

        c)     it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

        d)     it seeks information confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

        e)     it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**6.    The specific facts, including identification of any and all documents, if any, relied upon by State Farm in support of the decision that it could compensate the Plaintiffs for two weeks "loss of rent" and/or "prohibited use" on or about October 10, 2005; including a detailed description of what portion of the policy provides coverage for prohibited use, and what the terms of that coverage are;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**7.    The specific facts, including identification of any and all documents, if any, relied upon by State Farm in support of it [sic] decision to tender a payment in the amount of $8,997.00 to the Plaintiffs by correspondence dated March 8, 2006, including but not limited to a detailed description of how the payment amount was calculated and/or determined, specifically what the tendered amount is intended to compensate the Plaintiffs for, specifically what coverage part(s) of the policy this payment was tendered under, and why this payment was not tendered sooner than March 8, 2006;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**8.    The date a decision was made to compensate the Plaintiffs for loss of income under Coverage Part C of the subject policy; the specific facts, including identification of any and all documents, if any, relied upon by State Farm in support of it [sic] decision; and an explanation of why the decision to provide coverage for the Plaintiffs' Hurricane Katrina related losses under this Coverage Part was not made until that date;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**9.    The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of the decision to deny coverage for Plaintiffs' loss of contents insured under Coverage Part B of the subject policy of insurance on or about October 25, 2005;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or

procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**10.     The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of the decision(s) to deny coverage and/or refuse to compensate Plaintiffs for Plaintiffs' loss of contents insured by the subject policy of insurance, for the time period October 25, 2005 through the present;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**11.     The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of its decision to tender a payment in the amount of $36,663.48 to the Plaintiffs on or about October 25, 2005, including but not limited to a detailed description of how the payment amount was calculated and/or determined, <u>specifically</u> what items of Plaintiffs' structure the tendered amount is intended to compensate the Plaintiffs for; and why each specific, remaining portion of the Plaintiffs' structure that was damaged during the Hurricane was not paid for at that time;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**12.     The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of the decision(s) to deny coverage and/or refuse to compensate Plaintiffs for any damage over and above the amount paid for on or about October 25, 2005 ($36,663.48), for the time period October 25, 2005 through the present, including but not limited to the decision not to pay Plaintiffs for the depreciation withheld in connection with the $36,663.48 payment through the present date;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the

corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**13.     The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of the conclusions and representations set forth in State Farm's April 11, 2006 correspondence to the Plaintiffs (wherein State Farm stated "there is no additional damage State Farm can pay for under your Business policy for wind damage");**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**14.     The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of the decision(s), on or about June 29, 2006, that the Accu-Weather Report provided by the Plaintiffs did warrant any adjustment(s) to State Farm's estimate(s) regarding the amount of covered losses; and the specific facts and documents relied upon n support of all representations made in State Farm's letter to the Plaintiffs' of that date;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**15.     The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of the decision(s), on or about July 8, 2006, that the Plaintiffs were entitled to an additional payment "now" in the amount of $112,634.00, and that the total authority for the entire 12 months period covered by Coverage Part C totals $184,925.00 including but not limited to a detailed description of how each amount was calculated and/or determined, and <u>specifically</u> what losses <u>each</u> amount was intended to pay for;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the

corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**16.    The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of all representations made in State Farm's letter to the Plaintiffs' of July 12, 2006, whereby State Farm tendered payment in the amount of $112,634.00;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**17.    The specific facts, including identification of any and all documents, that State Farm contends support its continued refusal to pay Plaintiffs the sum total of $112,634.00, the total authority for the 12 month period for Coverage Part C that State Farm calculated on or about July 8, 2006, through the present day;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**18.    The specific facts, including identification of any all [sic] documents, if any, relied upon by State Farm in support of its failure to make and/or decision(s) not to make any additional payments to Plaintiffs under any coverage part of the policy, including loss of income, between July 12, 2006 and July 21, 2009;**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**19.    The identification, interpretation and application of any and all sections and subparts of the subject policy of insurance; including but not limited to any and all coverage parts, conditions and/or exclusions, that you contend in any way supports your**

denial, and/or failure or refusal to pay part or all of the Plaintiffs' insurance claims that are the subject of this litigation;

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

20.    **A detailed description of any and all investigation(s) that was done of Plaintiffs' claims during the following time periods, including identification and description of any and all facts, information and documents gathered, considered or created as part thereof, and including the identity and roll played of each individual involved therein:**

      a.    **between August 29, 2005 and October 25, 2005;**
      b.    **between October 2, 2005 and March 10, 2006;**
      c.    **between March 10, 2006 and July 8, 2006;**
      d.    **between July 8, 2006 and July 31, 2009; and**
      e.    **between July 31, 2009 and the present.**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

21.    **A detailed description of any and all communications between State Farm, or its representatives, and Exponent engineering, or its representatives including but not limited to John Osteraas, Alexander Newman and/or Allis Farris, concerning the subject claims, including a description and identification of any and all draft reports and/or status reports and/or updates provided to State Farm by Exponent and/or its representatives; and a description of how much Exponent was paid for work done on this claim, and specifically what those payments were for;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**22.    A detailed description of any and all communications between State Farm, or its representatives, and Exponent engineering, or its representatives including but not limited to John Osteraas, Alexander Newman and/or Allis Farris, in any matter related to State Farm's expectations with regard to Hurricane Katrina investigations, including but not limited to any and all communications from State Farm with regard to form or content of draft reports, preliminary reports, status reports and/or final reports;**

<u>**OBJECTION:**</u>    State Farm Fire objects to Plaintiffs' inquiry into generic "communications" as this topic seeks irrelevant information which "strays from the matters at issue in this case." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976. The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

      a)     it is vague and ambiguous;

      b)     it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

            *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding policies and procedures for the use of engineers is discoverable but "[t]his allowance does not include a detailed exploration of the drafting or editing of such policies and procedures but rather the policies and procedures that were in place when Plaintiffs' claim was adjusted and any changes that were made in the policies and procedures subsequent to Hurricane Katrina but prior to the adjustment of Plaintiffs' claim." p. 5); and

            *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that although Plaintiffs are entitled to ask about the general terms and application of State Farm Fire's policies and procedures to their particular case, "[t]he drafting, editing, and names of individuals who participated in drafting [such policies and procedures] are beyond the scope of permissible discovery in this case." pp. 2-3);

      c)     it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P.

26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**23.    The factual basis and policy justification for any and all conclusions, directives and/or decisions reflected in State Farm's claim logs and/or electronic activity logs for the subject claims;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**24.    A detailed description on what State Farm did to follow through with each of the directives and decisions of the claims personnel involved in the Plaintiffs' claims as set forth in the subject claim file and electronic claim file;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**25.    The identification, dates of, participants in and contents of any and all communications by and between State Farm, its adjusters, agents, representatives, experts, and/or consultants, in any manner related to the Plaintiffs or their claims that are the subject of this litigation;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith

the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**26.    The identification, dates of, participants in and contents of any and all communications by and between State Farm, its adjusters, representatives, experts, and/or consultants; and the Plaintiffs; in any manner related to the Plaintiffs or their claims that are the subject of this litigation;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**27.    The identification, dates of, participants in and contents of any and all communications by and between State Farm, its adjusters, agents, representatives, experts, and/or consultants; and any third party; in any manner related to the Plaintiffs or their claims that are the subject of this litigation;**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**28.    The intent, interpretation, and application of the terms and conditions for coverage under coverage part A of the subject policy form (Buildings), including but not limited to the intent and application of the respective burdens and/or responsibilities of the policyholder(s) versus State Farm; and the resolution of doubts about the cause of loss and/or application of coverage;**

**OBJECTION:**    State Farm Fire objects to Plaintiffs' inquiry into the "intent" and "interpretation" of the terms and conditions of State Farm Fire's policy as this topic seeks irrelevant information which "strays from the matters at issue in this case."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the final version of those terms and conditions actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said terms and conditions are relevant.  *Id.* pp. 2-3.  The "scope of inquiry should not include

exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

    a)    it is vague and ambiguous in its reference to "resolution of doubts," and in other respects;

    b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

        *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

    c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

    d)    it seeks information confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

    e)    it has the potential to seek information protected by the attorney/client or work product privileges; and

    f)    it calls for a legal conclusion as to "burdens and responsibilities," and in other respects.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**29.    The intent, interpretation, and application of the terms and conditions for coverage under coverage part B of the subject policy form (Business Persona [sic] Property), including but not limited to the intent and application of the respective burdens and/or responsibilities of the policyholder(s) versus State Farm; and the resolution of doubts about the cause of loss and/or application of coverage;**

**OBJECTION:**    State Farm Fire objects to Plaintiffs' inquiry into the "intent" and "interpretation" of the terms and conditions of State Farm Fire's policy as this topic seeks irrelevant information which "strays from the matters at issue in this case."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the final version of those terms and conditions actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said terms and conditions are relevant.  *Id.* pp. 2-3.  The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)    it is vague and ambiguous in its reference to "resolution of doubts," and in other respects;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

    *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim."  State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the

extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

g)    it seeks information  confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

h)    it has the potential to seek information  protected by the attorney/client or work product privileges; and

i)    it calls for a legal conclusion as to "burdens and responsibilities," and in other respects.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**30.    An explanation of the Seasonal Automatic Increase applicable to Coverage Part B of the subject policy of insurance; how it [sic] calculated; and if State Farm contents [sic] it does not apply to the subject claims, the factual and policy language basis for that position;**

**OBJECTION:**  State Farm Fire objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim."  State Farm "is not obligated to produce

every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**31.    The drafting, intent, interpretation, and application of the terms and conditions for coverage under coverage part C of the subject policy form (Loss of Income), including but not limited to the intent and application of the respective burdens and/or responsibilities of the policyholder(s) versus State Farm; and the resolution of doubts about the cause of loss and/or application of coverage;**

**OBJECTION:**  State Farm Fire objects to Plaintiffs' inquiry into the "drafting", "intent" and "interpretation" of the terms and conditions of State Farm Fire's policy as this topic seeks irrelevant information which "strays from the matters at issue in this case." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the final version of those terms and conditions actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said terms and conditions are relevant. *Id.* pp. 2-3.  The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information  confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**32.    The identification of, date of, author and recipients of, description of, contents of, interpretation and application of any and all guidelines, policies, procedures, updates,**

memos, intranet information, communications and documents of any type, hard copy
and/or electronic, related to how to interpret and apply the Loss of Income provisions of
the subject policy of insurance and/or exclusions related thereto; including but not limited
to any and all such communications, electronic data and/or documents that set forth or
discuss a description, itemization and/or interpretation of what types of expenses are
recoverable thereunder;

**OBJECTION:**  State Farm Fire objects to Plaintiffs' inquiry into the "interpretation" of the
terms and conditions of State Farm Fire's guidelines, policies, procedures, etc. as this topic seeks
irrelevant information which "strays from the matters at issue in this case."  *Marion v. State
Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in
Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the
final version of those terms and conditions actually relied upon by persons involved in the
handling of this claim and any instructions received by those persons regarding the application of
said terms and conditions are relevant.  *Id.* pp. 2-3.  The "scope of inquiry should not include
exploration of the process by which these practices and policies were developed, nor does it need
to include the identity of those who formulated the policies and practices."  *Marion v. State
Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in
Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

    a)      it is vague and ambiguous;

    b)      it seeks information that is neither relevant to the claims or defenses of any party
                nor reasonably calculated to lead to the discovery of admissible evidence pursuant
                to:

                    *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil
                Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel
                [200] (ruling that "documents related to State Farm's interpretation and/or
                application of the terms and conditions of the subject insurance policy" are "not
                reasonably calculated to lead to the discovery of admissible evidence" because
                "[t]he ultimate question of contract interpretation resides with the Court" and
                "[t]he proof of State Farm's application of the contract provisions is evident in
                how State Farm adjusted the . . . claim."  State Farm "is not obligated to produce
                every document that arguably touches on the interpretation and/or application of a
                standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976;
                *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.:
                1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that
                information regarding various definitions and terms is "fair game" only to the
                extent that it relates "to the general interpretation and application of the policy
                terms and the specific application of these policy terms to this case" p. 2);

    c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order
                [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation
                that 'the burden or expense of the proposed discovery outweighs its likely benefit,

taking into account the needs of the case, the amount in controversy, the parties'
resources, the importance of the issues at stake in the litigation, and the
importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P.
26(b)(2).  All of these factors weigh the same in all other cases on this Court's
Hurricane Katrina docket."));

d)      it seeks information  confidential, proprietary, or trade secret and subject to the
Mississippi Trade Secret Act; and

e)      it has the potential to seek information  protected by the attorney/client or work
product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate
representative with knowledge regarding the corporate policies or procedures which were
applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be
subject to the protective order regarding confidential information that has been entered by the
Court in this matter.

**33.    The drafting, intent, interpretation, and application of the terms and conditions of
any and all exclusions to coverage set forth in the subject policy of insurance that State
Farm contends [sic] apply to any of Plaintiffs' Hurricane Katrina claims and/or parts
thereof;**

**OBJECTION:**  State Farm Fire objects to Plaintiffs' inquiry into the "drafting," "intent" and
"interpretation" of the terms and conditions of State Farm Fire's policy as this topic seeks
irrelevant information which "strays from the matters at issue in this case."  *Marion v. State
Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in
Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the
final version of those terms and conditions actually relied upon by persons involved in the
handling of this claim and any instructions received by those persons regarding the application of
said terms and conditions are relevant.  *Id.* pp. 2-3.  The "scope of inquiry should not include
exploration of the process by which these practices and policies were developed, nor does it need
to include the identity of those who formulated the policies and practices."  *Marion v. State
Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in
Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)      it is vague and ambiguous;

b)      it seeks information that is neither relevant to the claims or defenses of any party
nor reasonably calculated to lead to the discovery of admissible evidence pursuant
to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil
Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel
[200] (ruling that "documents related to State Farm's interpretation and/or

application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.")));

d)    it seeks information  confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**34.    Whether the losses suffered to Plaintiffs' building(s) insured under Coverage Part A of the subject policy constituted "accidental direct physical loss" as defined by the policy, and description of any and all facts and documents that support State Farm's position on this issue.**

**OBJECTION:** State Farm Fire objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)     it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)     it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)     it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**35.     Whether the losses to Plaintiffs' business personal property insured under Coverage Part B of the subject policy constituted "accidental direct physical loss" as defined by the policy, and description of any and all facts and documents that support State Farm's position on this issue.**

**OBJECTION:**  State Farm Fire objects to the instant topic on the basis that:

a)     it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

    *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**36.    To the extent State Farm contends that any part or piece of Plaintiffs' building or building personal property was damaged or destroyed by an excluded peril, specifically identify each such piece of Plaintiffs' building and item of Plaintiffs' building personal property, and provide any and all facts and identify any and all documents that State Farm contends prove each said loss was caused by the allegedly excluded peril.**

**OBJECTION:**  State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7).  State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**37.    A description of State Farm's duties to its insured(s), including the Plaintiffs, with regard to advising about applicable and/or potentially applicable coverage parts; and advising about the total dollar amount of coverage potentially available coverage after a catastrophic loss such as Katrina.**

**OBJECTION:**  State Farm Fire objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim."  State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976;
> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)     it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)     it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**38.    An explanation of the following Extensions of Coverage provided under the subject policy of insurance, including what types of losses are covered thereunder and what triggers coverage under same; and for each, (1) whether or not it applies to Plaintiffs' Hurricane Katrina claims, and a description of all facts and documents that support State Farm's position on this issue; and (2) a detailed description of why Plaintiffs have not been compensated for losses suffered during and/or as a result of Katrina under this coverage part:**

> **a.     Section I, Extensions of Coverage, Paragraph 1. Debris Removal;**
> **b.     Section I, Extensions of Coverage, Paragraph 6. Extra Expense;**
> **c.     Section I, Extensions of Coverage, Paragraph 10. Accounts Receivable;**
> **d.     Section I, Extensions of Coverage, Paragraph 11. Valuable Papers and Records;**
> **e.     Section I, Extensions of Coverage, Paragraph 14. Property Off Premises (As Modified by FE-6610, Policy Endorsement (Business));**
> **f.     Section I, Extensions of Coverage, Paragraph 16. Personal Effects; and**
> **g.     Section I, Extensions of Coverage, Paragraph 19. Exterior Signs.**

**OBJECTION:** State Farm Fire objects to the instant topic on the basis that:

a)     it is vague and ambiguous;

b)     it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976;

> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

    c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

    d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

    e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**39. An explanation of the following Optional, Extensions and/or Endorsement Coverages provided under the subject policy of insurance, including what types of losses are covered thereunder and what triggers coverage under same; and for each, (1) whether or not it applies to Plaintiffs' Hurricane Katrina claims, and a description of all facts and documents that support State Farm's position on this issue; and (2) a detailed description of why Plaintiffs have not been compensated for loses suffered during and/or as a result of Katrina under this coverage part:**

    **a.    FE-6451 Tree Debris Removal Endorsement; and**
    **b.    FE-6587 Increased Cost and Demolition Coverage Endorsement.**

**OBJECTION:** State Farm Fire objects to the instant topic on the basis that:

    a)    it is vague and ambiguous;

    b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel

[200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976; *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)      it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**40.    The drafting, intent, interpretation, and application of the terms and conditions for coverage and/or exclusions of coverage under, and application to hurricane claims of, the "anti-concurrent causation" and/or "concurrent causation" clause in the subject policy of insurance;**

**OBJECTION:** State Farm Fire objects to Plaintiffs' inquiry into the "drafting," "intent," and "interpretation" of State Farm Fire's policy provisions as this topic seeks irrelevant information which "strays from the matters at issue in this case." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976. Only the final version of those policy provisions actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said policies and procedures

are relevant. *Id.* pp. 2-3. The "scope of inquiry should not include exploration of the process by which these practices and policies were developed . . . ." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

> *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007);
>
> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "[t]he anti-concurrent causation clause has been upheld by the Fifth Circuit as valid, enforceable and unambiguous. There is no further need to explore this issue through discovery." p. 10); *aff'd, Marion* [228], 2008 WL 723976;
>
> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that "Plaintiffs are permitted to [only] inquire about the application of the anti-concurrent causation clause to the facts of this specific case." p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**41.    The identification of, date of, author and recipients of, description of, contents of, interpretation and application of any and all guidelines, policies, procedures, guidelines,**

updates, memos, intranet information, communications and documents of any type, hard copy and/or electronic, related to how to interpret and apply the "anti-concurrent causation" and/or "concurrent causation" clause in the subject policy of insurance;

**OBJECTION:** State Farm Fire objects to Plaintiffs' inquiry into the "interpretation" of State Farm Fire's policy provisions as this topic seeks irrelevant information which "strays from the matters at issue in this case." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976. Only the final version of those policy provisions actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said policies and procedures are relevant. *Id.* pp. 2-3. The "scope of inquiry should not include exploration of the process by which these practices and policies were developed . . . ." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)      it is vague and ambiguous;

b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

> *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007);
>
> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "[t]he anti-concurrent causation clause has been upheld by the Fifth Circuit as valid, enforceable and unambiguous. There is no further need to explore this issue through discovery." p. 10); *aff'd, Marion* [228], 2008 WL 723976;
>
> *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that "Plaintiffs are permitted to [only] inquire about the application of the anti-concurrent causation clause to the facts of this specific case." p. 2);

c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**42.    The total amount of coverage potentially available under all coverage parts of the Plaintiffs' policy of insurance for the losses that occurred during and/or as a result of Hurricane Katrina;**

**OBJECTION:**  State Farm Fire objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim."  State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976;
*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the policy provisions which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**43.    A detailed description of how much additional coverage (over and above the base amounts of coverage set forth on the Declarations Page) is potentially available, as of the date of the deposition, to the Plaintiffs by operation of the Inflation Coverage provisions of the subject policy of insurance, including a detailed description of (1) how much inflation coverage is available for <u>each</u> coverage part, (2) what factor(s) was used to calculate that coverage; (3) how the inflation factor was determined; (4) what date was utilized to determine the "particular date" as described in the Inflation Coverage provision of the subject policy; (5) what Index was used as the numerator, and what index was used as the denominator in the equation used to determine the inflation factor, and what dates of published inflation indexes were used to determine those figures for <u>each</u> coverage part; (6) what entity publishes the inflation indexes utilized by State Farm to make these calculations for <u>each</u> coverage part, and how often (and on what dates) were those indexes updated for the geographical region in which the Plaintiffs' property is located for the time period August 29, 2005 through the present; (7) identification of all documents that reflect the calculations used to determine, and that reflect the amount of calculated inflation protection coverage that was determined by State Farm to be applicable to the Plaintiffs' Hurricane Katrina claims; and (8) what subject property is located for each time period on which those indexes were updated between August 29, 2005 and the present.**

<u>**OBJECTION:**</u>  State Farm Fire objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence;

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.")); and

d)     it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the total coverage available to the Plaintiff on the date of the loss in question.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**44.     The drafting, intent, interpretation, and application of any and all policies and procedures pertaining to the cancellation and/or revision of engineers reports pertaining to investigation(s) of cause of loss to buildings damaged or destroyed in Hurricane Katrina, and including the identity, including job title and employer, and current contact information, of any and all individuals who participated in the formulation of said policies and procedures;**

<u>**OBJECTION:**</u>  State Farm Fire objects to Plaintiffs' inquiry into the "drafting", "intent" and "interpretation" of State Farm Fire's policies and procedures as this topic seeks irrelevant information which "strays from the matters at issue in this case."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976.  Only the final version of those terms and conditions actually relied upon by persons involved in the handling of this claim and any instructions received by those persons regarding the application of said terms and conditions are relevant.  *Id.* pp. 2-3.  The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices."  *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)     it is vague and ambiguous;

b)     it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "documents related to State Farm's interpretation and/or application of the terms and conditions of the subject insurance policy" are "not reasonably calculated to lead to the discovery of admissible evidence" because "[t]he ultimate question of contract interpretation resides with the Court" and "[t]he proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim."  State Farm "is not obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." p. 8); *aff'd, Marion* [228], 2008 WL 723976;

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding various definitions and terms is "fair game" only to the extent that it relates "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case" p. 2);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**45.    The identity of any and all eyewitnesses to Hurricane Katrina known to State Farm to have been located within a ½ mile of the Plaintiffs' business during Hurricane Katrina; a description of any and all efforts State Farm made to interview those witness(es), if any; and the identification, location and content of any and all statements, of any type, obtained from and/or offered by said eyewitness(es).**

**OBJECTION:** State Farm Fire objects to this inquiry on the basis that Plaintiffs have not met the threshold question of showing that the information sought is reasonably calculated to lead to the discovery of admissible evidence because they have not obtained any testimony which would show "that State Farm personnel, when adjusting this loss, purportedly considered property damage sustained to adjacent and surrounding properties of the insured location." *Muller v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 2.

Furthermore, Plaintiffs have not shown, considering the particular circumstances in this case, that ½ mile would constitute a "reasonably close physical proximity" pursuant to *Muller v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 3

citing *Leonard v. Nationwide*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-475.

Additionally, even if Plaintiffs could show the information sought is reasonably calculated to lead to the discovery of admissible evidence and that ½ mile constitutes a reasonably close physical proximity, State Farm Fire objects pursuant to *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that a corporate representative need not possess a detailed knowledge of other State Farm insured homes within ½ mile from Plaintiffs' home. p. 8);

State Farm Fire further objects to the instant topic on the basis that:

    a)    it is vague and ambiguous;

    b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence;

    c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

    d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

    e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

    Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Mueller*.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**46.    The identification of all other State Farm insured properties (homes or buildings) located within a ½ mile of the location of the subject property for which Hurricane Katrina claims were made.**

**OBJECTION:**  State Farm Fire objects to this inquiry on the basis that Plaintiffs have not met the threshold question of showing that the information sought is reasonably calculated to lead to the discovery of admissible evidence because they have not obtained any testimony which would show "that State Farm personnel, when adjusting this loss, purportedly considered property damage sustained to adjacent and surrounding properties of the insured location." *Muller v.*

*State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 2.

Furthermore, Plaintiffs have not shown, considering the particular circumstances in this case, that ½ mile would constitute a "reasonably close physical proximity" pursuant to *Muller v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 3 citing *Leonard v. Nationwide*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-475.

Additionally, even if Plaintiffs could show the information sought is reasonably calculated to lead to the discovery of admissible evidence and that ½ mile constitutes a reasonably close physical proximity, State Farm Fire objects pursuant to *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that a corporate representative need not possess a detailed knowledge of other State Farm insured homes within ½ mile from Plaintiffs' home. p. 8);

State Farm Fire further objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence;

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**47.    A detailed description of investigations made and how claims were handled and resolved, with regard to Hurricane Katrina claims by other State Farm insureds whose**

**homes or buildings were located within ½ mile of the Plaintiffs' business; including the conclusions State Farm made about the cause of damage to other State Farm insured homes or buildings within ½ mile from the Plaintiffs' home, and how much was paid to each such insured for damages to structure(s) and contends under State Farm's homeowners' and/or business policy, if any;**

<u>**OBJECTION:**</u>  State Farm Fire objects to this inquiry on the basis that Plaintiffs have not met the threshold question of showing that the information sought is reasonably calculated to lead to the discovery of admissible evidence because they have not obtained any testimony which would show "that State Farm personnel, when adjusting this loss, purportedly considered property damage sustained to adjacent and surrounding properties of the insured location."  *Muller v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 2.

Furthermore, Plaintiffs have not shown, considering the particular circumstances in this case, that ½ mile would constitute a "reasonably close physical proximity" pursuant to *Muller v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 3 citing *Leonard v. Nationwide*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-475.

Additionally, even if Plaintiffs could show the information sought is reasonably calculated to lead to the discovery of admissible evidence and that ½ mile constitutes a reasonably close physical proximity, State Farm Fire objects pursuant to *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that a corporate representative need not possess a detailed knowledge of other State Farm insured homes within ½ mile from Plaintiffs' home. p. 8);

State Farm Fire further objects to the instant topic on the basis that:

    a)     it is vague and ambiguous;

    b)     it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence;

    c)     it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

    d)     it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)      it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**48.    The specific facts, including identification of any and all documents, if any, relied upon by State Farm in support of, and/or which State Farm contends support it [sic] decision to tender a payment in the amount of $16,576.00 to the Plaintiffs and Plaintiffs' Counsel by correspondence dated July 31, 2009.**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**49.    A detailed description of how the $16,576.00 payment amount referenced in the preceding paragraph was calculated and/or determined, <u>specifically</u> what the tendered amount is intended to compensate the Plaintiffs and Plaintiffs' attorneys' for, and why this payment was not tendered sooner than July 31, 2009.**

**OBJECTION:** State Farm Fire objects to this topic pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "[w]ith the exception of questions and/or documents pertaining to or reflecting corporate policy or procedure which was applied to Plaintiffs' claims," the rationale for denying Plaintiffs' claim "should be addressed by those individuals who actually handled Plaintiffs' claims rather than the corporate representative." pp. 6-7). State Farm Fire will produce a corporate representative to testify consistent with the ruling in *Perkins*.

**50.    All facts and the identification and content of all documents that support each of your affirmative defenses in this cause.**

**OBJECTION:** State Farm Fire objects to the instant topic on the basis that:

a)      it is vague and ambiguous;

b)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties'

resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.");

    c)    it has the potential to seek information  protected by the attorney/client or work product privileges;

    d)    it fails to identify the information sought with reasonable specificity; and

    e)    it calls for a legal conclusion.

**51.    The drafting, editing, intent, interpretation, and application of Wind Water Damages Protocol (and/or similar document by any name), and any and all drafts thereof, including but not limited to the drafts attached hereto as "Exhibit 1" (September 10, 2005 Claim Handling Protocol and September 13, 2005 Wind/Water Claim Handling Protocol).**

**OBJECTION:**  State Farm Fire objects to the instant topic on the basis that:

    a)    it is vague and ambiguous;

    b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

        *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] (ruling that "the drafting history of the protocol, including communications between individual State Farm employees regarding the drafting and preparation of the protocol are not reasonably calculated to lead to the discovery of admissible evidence." p. 2  In the event that the protocol was actually relied upon by the claim adjuster(s) and others involved in the handling of this claim, then "the only relevant document would have been the final version of the protocol or any instructions . . . received regarding the application of the protocol.  Plaintiffs' inquiry into the details of the creation of the wind/water protocol including such minutia as unused deletions, revisions, or drafts of the protocol strays from the matters at issue in this case." pp. 2-3); *aff'd, Marion* [228], 2008 WL 723976; and

        *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that "Plaintiffs are entitled to ask about the general terms and application of the wind-water protocol and its application to this case in particular.  The drafting, editing, and names of individuals who participated in drafting the protocol are beyond the scope of permissible discovery in this case." pp. 2-3);

    c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit,

taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.'"));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**52.    The drafting, editing, interpretation, content and description of the email, with attachments, attached hereto as "Exhibit 2," including the identity, including job title and employer, and current contact information, of any and all individuals who participated in the formulation of said documents, and the identity, including job title and employer, and current contact information, of any and all individuals and/or entities to whom the subject email was sent (Mark Wilcox email re: form of engineering reports).**

**OBJECTION:**  State Farm Fire objects to Plaintiffs' inquiry into the "drafting, editing," and "formulation" of State Farm Fire's policies and procedures as this topic seeks irrelevant information which "strays from the matters at issue in this case." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200] p. 3; *aff'd, Marion* [228], 2008 WL 723976. In the event that the subject email and attachments were actually relied upon by the engineers involved in the investigation of this claim, then the only relevant information is contained in the final version of said email and attachments or any instructions received by the engineers regarding the application of said email and attachments. *Id.* pp. 2-3. The "scope of inquiry should not include exploration of the process by which these practices and policies were developed, nor does it need to include the identity of those who formulated the policies and practices." *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] p. 6.

State Farm Fire further objects to the instant topic on the basis that:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to:

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that information regarding policies and procedures for the use of engineers is discoverable but "[t]his allowance does not include a detailed exploration of the drafting or editing of such policies and procedures but rather the policies and procedures that were in place when Plaintiffs' claim was adjusted and any changes that were made in the policies and procedures subsequent to Hurricane Katrina but prior to the adjustment of Plaintiffs' claim." p. 5); and

*Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that although Plaintiffs are entitled to ask about the general terms and application of State Farm Fire's policies and procedures to their particular case, "[t]he drafting, editing, and names of individuals who participated in drafting [such policies and procedures] are beyond the scope of permissible discovery in this case." pp. 2-3);

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

e)    it has the potential to seek information  protected by the attorney/client or work product privileges; and

f)    there is no evidence or proof in this case that the email in question was relied upon in any way by the engineers utilized by State Farm Fire in the handling of the Plaintiff's claim.

**53.    Whether or not State Farm expected its claims personnel in Mississippi, including the claims personnel involved with the Plaintiffs' claim, to follow the claims handling guidelines and directives set forth in Mississippi Department of Insurance *Bulletin No. 2005-6*.**

**OBJECTION:**  State Farm Fire objects to this topic because Plaintiffs' loss was not a "slab claim" but rather only a partial loss.  Furthermore, there is no allegation in this case that Plaintiffs' claim was denied without an inspection.  Therefore, Mississippi Department of Insurance *Bulletin No. 2005-6* does not play any role.

State Farm Fire further objects to the instant topic on the basis that:

     a)      it is vague and ambiguous;

     b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence;

     c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

     d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

     e)      it has the potential to seek information protected by the attorney/client or work product privileges.

**54. The identification, location, content and applicability to handling Hurricane Katrina claims in Mississippi, including the Plaintiffs', of the Haag Power Point Presentation presented on numerous occasions in a trailer at the Gulfport claims offices, which was presented on occasion by Shane Abernathy and/or Mick Bergstrom and/or Dave Runge.**

**OBJECTION:** State Farm Fire objects to this inquiry on the basis that Plaintiffs have not met the threshold question of showing that the information sought is reasonably calculated to lead to the discovery of admissible evidence because they have not obtained any testimony which would show that the State Farm personnel involved in the handling of this claim saw or considered the Haag Power Point Presentation in question. *Muller v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06-cv-095, Order [44] p. 2.

State Farm Fire further objects to the instant topic on the basis that:

     a)      it is vague and ambiguous;

     b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116, Order [117] (ruling that "the *location* of such information has no bearing on the matters at issue in this litigation." p. 6);

     c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation

that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'    Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)    it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act; and

e)    it has the potential to seek information  protected by the attorney/client or work product privileges.

Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

### III.
### General Objections

State Farm Fire objects the Plaintiffs' request that it produce "any and all documents relating to the above areas of inquiry, any and all documents reviewed by each designated corporate representative in preparation for his/her testimony," because:

a)    it is vague and ambiguous;

b)    it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007); and *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200]; *aff'd, Marion* [228], 2008 WL 723976; Order Granting in Part and Motion for Protective Order [231];

c)    it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

e)      it has the potential to seek information  protected by the attorney/client or work product privileges; and

f)      it fails to describe the materials sought with reasonable specificity (Fed.R.Civ.P. 34).

## IV.
## Specific Objection to 30(b)(5) Requests

**1.    Any and all documents relating to the above areas of inquiry;**

**OBJECTION:**  State Farm Fire objects the Plaintiffs' request that it produce "any and all documents relating to the above areas of inquiry, because:

a)      it is vague and ambiguous;

b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007); and *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200]; *aff'd, Marion* [228], 2008 WL 723976; Order Granting in Part and Motion for Protective Order [231];

c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

e)      it has the potential to seek information  protected by the attorney/client or work product privileges; and

f)      it fails to describe the materials sought with reasonable specificity (Fed.R.Civ.P. 34).

**2.      Any and all documents reviewed by each designated corporate representative in preparation for his/her testimony;**

**OBJECTION:**  State Farm Fire objects the Plaintiffs' request that it produce "any and all documents reviewed by each designated corporate representative in preparation for his/her testimony," because:

a)      it is vague and ambiguous;

b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007); and *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200]; *aff'd, Marion* [228], 2008 WL 723976; Order Granting in Part and Motion for Protective Order [231];

c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'  Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

e)      it has the potential to seek information  protected by the attorney/client or work product privileges; and

f)      it fails to describe the materials sought with reasonable specificity (Fed.R.Civ.P. 34).

**3.      All <u>original</u> hard copy and electronic claims file(s) for the Plaintiffs' Hurricane Katrina claim(s);**

**OBJECTION:**  State Farm Fire objects to this request on the basis that Plaintiffs have already been provided with a redacted copy of the complete claim file at issue in this matter and a privilege log describing the nature and reasons for any and all redactions.

**4.      Any and all written (or otherwise recorded, whether in the form of memos, letters, emails, power point presentations, videos, or other forms) policies, procedures, guidelines, directives and recommendations that governed and/or addressed in any manner the processing, reviewing, description, and/or denying of Hurricane Katrina claims, including**

loss of income claims, such as the claims which are the subject of this pending litigation, as
they existed at the time the subject claims were reviewed and processed;

**OBJECTION:**  State Farm Fire objects to the instant request on the basis that:

a)      it is vague and ambiguous;

b)      it seeks information that is neither relevant to the claims or defenses of any party
nor reasonably calculated to lead to the discovery of admissible evidence pursuant
to *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007); and *Marion v. State Farm*,
USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order
Granting in Part Plaintiffs' Motion to Compel [200]; *aff'd, Marion* [228], 2008
WL 723976; Order Granting in Part and Motion for Protective Order [231];

c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order
[228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation
that 'the burden or expense of the proposed discovery outweighs its likely benefit,
taking into account the needs of the case, the amount in controversy, the parties'
resources, the importance of the issues at stake in the litigation, and the
importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P.
26(b)(2).  All of these factors weigh the same in all other cases on this Court's
Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to
the Mississippi Trade Secret Act;

e)      it has the potential to seek information  protected by the attorney/client or work
product privileges; and

f)      it fails to describe the materials sought with reasonable specificity (Fed.R.Civ.P.
34).

Subject to and without waiving the foregoing, State Farm Fire has already produced all
responsive documents in its core disclosures and supplemental core disclosures in this matter.
Subject to and without waiving the foregoing, State Farm Fire will produce a corporate
representative with knowledge regarding the corporate policies or procedures which were
applied to Plaintiffs' homeowners claim.  To the extent necessary, any such testimony will be
subject to the protective order regarding confidential information that has been entered by the
Court in this matter.

**5.      All documents relied upon by State Farm in denying and/or refusing to pay any part
of the Plaintiffs' Hurricane Katrina claims;**

State Farm Fire has already produced all responsive documents in its core disclosures and
supplemental core disclosures in this matter.  Subject to and without waiving the foregoing, State
Farm Fire will produce a corporate representative with knowledge regarding the corporate

policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**6.      Any and all guidelines, policies, procedures, updates, memos, intranet information, communications and documents of any type, hard copy and/or electronic, related to how to interpret and apply the Loss of Income provisions of the subject policy of insurance and/or exclusions related thereto; including but not limited to any and all such communications, electronic data and/or documents that set forth or discuss a description, itemization and/or interpretation of what types of expenses are recoverable thereunder;**

**OBJECTION:** State Farm Fire objects to the instant request on the basis that:

a)      it is vague and ambiguous;

b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007); and *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Plaintiffs' Motion to Compel [200]; *aff'd, Marion* [228], 2008 WL 723976; Order Granting in Part and Motion for Protective Order [231];

c)      it is overly broad and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2). All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket."));

d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act;

e)      it has the potential to seek information protected by the attorney/client or work product privileges; and

f)      it fails to describe the materials sought with reasonable specificity (Fed.R.Civ.P. 34).

State Farm Fire has already produced all responsive documents in its core disclosures and supplemental core disclosures in this matter. Subject to and without waiving the foregoing, State Farm Fire will produce a corporate representative with knowledge regarding the corporate policies or procedures which were applied to Plaintiffs' homeowners claim. To the extent necessary, any such testimony will be subject to the protective order regarding confidential information that has been entered by the Court in this matter.

**7.    Audited Financial Statement and/or Statements of Financial Condition for 2005, 2006, 2007 and 2008, for State Farm Mutual Fire [sic].**

**OBJECTION:**  State Farm Fire objects to this request because:

    a)      it is vague and ambiguous;

    b)      it seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence pursuant to *Tupeker v. State Farm*, 507 F.3d 346 (5th Cir. 2007); and *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969, Order Granting in Part Motion for Protective Order [231] (ruling that "information regarding State Farm's profits and worth" is only relevant if it is determined at the pre-trial conference that Plaintiffs will be permitted to present evidence in support of their punitive damages claim, in which case State Farm shall be obligated to "produce evidence of its current net worth at that time." p. 7);

    c)      it is overly broad, unlimited in time and unduly burdensome (*see, e.g., Marion v. State Farm*, Order [228] 2008 WL 723976 (ruling that "Plaintiffs will be controlled by the limitation that 'the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.' Fed.R.Civ.P. 26(b)(2).  All of these factors weigh the same in all other cases on this Court's Hurricane Katrina docket.")); and

    d)      it seeks information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act.

    e)      it has the potential to seek information  protected by the attorney/client or work product privileges.

Respectfully submitted,

STATE FARM FIRE & CASUALTY COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY:   _/s/ H. Scot Spragins_
          H.  SCOT SPRAGINS, MSB # 7748

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED:  this the 21st day of September, 2009.

_/s/ H. Scot Spragins_
**H. SCOT SPRAGINS**

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000