IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

D. NEIL HARRIS AND ASSOCIATES, P.A. and
D. NEIL HARRIS, SR., INDIVIDUALLY AND D/B/A
D. NEIL HARRIS AND ASSOCIATES, P.A.                                   PLAINTIFFS

VS.                                          CIVIL ACTION NO. 1:08cv1489 HSO-MTP

STATE FARM FIRE AND CASUALTY COMPANY;
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY; AND JOHN AND JANE DOES
A, B, C, D, E, F, G and H                                             DEFENDANTS

**PLAINTIFFS' EMERGENCY MOTION TO
STRIKE OR OVERRULE IMPROPER DISCOVERY MOTION
(State Farm's [75] Objections to Plaintiffs' Notice of Rule 30(b)(6) Video Deposition)**

COME NOW THE PLAINTIFFS, by and through undersigned counsel of record, and file this Emergency Motion to Strike or Overrule Improper Discovery Motion, as follows:

**Procedural and Factual Background**

1. Plaintiffs filed their [57] Notice of Service of 30(b)(6) Notice and Subpoena Duces Tecum on August 28, 2009. Concurrently therewith, Plaintiffs provided Counsel for State Farm with a copy of the 30(b)(6) Notice and Subpoena, and provided several possible dates on which Counsel for Plaintiffs could take the 30(b)(6) deposition(s) of State Farm. (See email dated August 28, 2009, together with attached 30(b)(6) Notice and Subpoena, attached as "Exhibit 1").

2. On September 14, 2009, Counsel for State Farm responded that State Farm would be designating 2 representatives, and that the first would be made available on September 30, 2009 in Dallas, Texas. (See email dated September 14, 2009 attached as "Exhibit 2"). No objection as to the scope of Plaintiffs' 30(b)(6) Notice and Subpoena was mentioned. Counsel for Plaintiffs responded that he would accept the September 30th date, confirmed that he understood that designee would be responding to all areas of inquiry in the 30(b)(6) other than loss of income, and

asked that date(s) for the remaining designee be provided as soon as possible. (See email dated September 16, 2009, attached as "Exhibit 3").

3. On September 17, 2009, Counsel for State Farm advised that a 30(b)(6) designee would be provided to respond to the business interruption portion of the Plaintiffs' claim in Newport News, Virginia, on October 5 or 6, 2009. (See email dated September 17, 2009, attached as "Exhibit 4"). <u>No mention</u> was made of any objection to the scope of Plaintiffs' 30(b)(6) Notice or Subpoena. Counsel for Plaintiffs immediately responded that Plaintiffs would take the deposition of the second 30(b)(6) designee in Newport News on October 6, 2009. (See email dated September 17, 2009, attached as "Exhibit 5").

4. On September 21, 2009, less than ten (10) calendar days before the first scheduled 30(b)(6) deposition on September 30, 2009,[1] State Farm Fired filed the subject, improper discovery motion ([75] *Objections to Plaintiffs Notice of Rule 30(b)(6) Deposition*). Therein, State Farm filed into the Record in this cause objections to every single paragraph of Plaintiffs' 30(b)(6) Notice and accompanying Subpoena Duces Tecum. State Farm's discovery Motion was filed without attaching the requisite good faith certificate, and indeed without making *any* attempt to discuss State Farm's perceived problems with the scope of Plaintiffs' Notice of 30(b)(6) Deposition and accompanying document requests with Counsel for the Plaintiffs.

## **MOTION TO STRIKE**

5. The subject discovery motion [75] was filed without the requisite good faith certificate, and indeed without making **any** good faith effort whatsoever to resolve any perceived discovery disputes, in violation of Rule 37(a) of the Uniform District Court Rules. Pursuant to Uniform

---

[1] Indeed, excluding intervening weekends, and adding 3 days for mailing as provided by the Rules, Plaintiffs' response to State Farm's [75] Discovery Motion would not be due until October 8, 2009 – two days after the second 30(b)(6) deposition is scheduled to be taken, and after the close of the discovery deadline.

District Court Rule 37(c), State Farm's failure to comply with Rule 37(a)'s mandate to file a good faith certificate with its Motion "**will result** in a denial of the motion . . . ." Pursuant to the clear terms of Uniform District Court Rule 37(a) and (c), State Farm's improper discovery motion ([75] Objections) should be stricken and/or overruled. State Farm's failure to make a good faith effort to resolve any perceived disputes with regard to Plaintiffs' 30(b)(6) Deposition is also in direct violation of Rule 26(c) of the Federal Rules of Civil Procedure, which likewise requires a good faith certificate to accompany any motion for protective order.

6. Additionally, and in the alternative, Uniform District Court Rule 37(d) provides that the mere filing of a motion for a protective order to limit or quash a deposition does not operate as a stay of the deposition. Although not specifically titled as a Motion to Quash or for Protective Order, the subject discovery motion [75] is clearly filed in an effort to limit State Farm's obligation to provide properly prepared designee(s) to fully respond to Plaintiffs' 30(b)(6) Notice. State Farm has made no effort to have its [75] Motion set for hearing by the Court, however, and indeed the subject Motion, which was filed less than 10 days before the first noticed 30(b)(6) deposition, does not even afford Plaintiffs the full time allowed under the Federal Rules of Civil Procedure to prepare and file a response in advance of traveling out of State to take the depositions that have been scheduled in Dallas Texas and Newport News, Virginia.

7. Unfortunately, **it is a growing trend for Defendants in Katrina related litigation to merely file "objections" to properly noticed and served 30(b)(6) Notices close to the time for taking the deposition(s), and seek no relief thereon from the Court, only to appear for the deposition with corporate designees who are not prepared to, and/or who are instructed not to answer on behalf of the corporation with regard to topics to which the Defendant "objected"**. Of course, such a procedure violates both F.R.C.P. 30(b)(6), which requires the

corporate party to "designate one or more officers, directors, or managing agents, or designate other persons . . . [who must] testify about information known or reasonably available to the organization"; and F.R.C.P. 30(c)(2), which requires a party making "objections" in connection with a deposition to proceed with the examination subject to the objection on the Record.

8.  From past experience, Counsel for Plaintiffs has reason to believe State Farm will merely refuse to provide a designee prepared to respond to certain topics set forth in Plaintiffs' 30(b)(6) Notice, or simply refuse to produce documents sought in connection therewith (such as the original hard copy claim files), based upon the improper "objections" filed with this Court.  Such a procedure will require Counsel for Plaintiffs to do additional and unnecessary work in the form of filing motions for sanctions (*after* receipt of the completed transcript(s)); and will likely require the discovery period (which is set to end on October 6, 2009) to be extended so questions that should have been answered can be answered through additional and/or resumed deposition(s), resulting in additional and  unnecessary time and expense for all parties.

9.  Plaintiffs respectfully submit the facts set forth above, the impending deposition dates, and the impending discovery deadline qualify this Motion for the Emergency resolution requested by the Plaintiffs.  Plaintiffs respectfully request the Court enter an Order Striking and/or Overruling State Farm's improper discovery motion [75], and Ordering State Farm to provide a designee(s) fully prepared to respond to all areas of inquiry set forth in the Plaintiffs' 30(b)(6) Notice and accompanying Subpoena Duces Tecum, subject to objections properly placed on the record to admissibility of sought information at trial, or risk sanctions from the Court including but not limited to adverse inferences in favor of the Plaintiffs on all topics for which State Farm fails to present adequately prepared corporate testimony; and on all documents not previously produced to Plaintiffs in the form they are requested which are not presented by State Farm for Plaintiffs'

review at the noticed depositions in response to the document requests accompanying the Notice of 30(b)(6) deposition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court enter an Order Striking and/or Overruling State Farm's improper [75] discovery motion, and Compelling State Farm to present a corporate representative prepared to testify, and its attorneys to allow that corporate representative to testify in response to each of the topics set forth in Plaintiffs' Notice of 30(b)(6) deposition on September 6, 2009 and/or October 6, 2009; and to produce all documents sought in connection with Plaintiffs' Notice of 30(b)(6) Deposition in the form they are sought therein, except that State Farm shall have no obligation to re-produce documents that have already been produced to Plaintiffs in the form they are requested in Plaintiffs' Notice of 30(b)(6) Deposition and Subpoena Duces Tecum.

RESPECTFULLY SUBMITTED, this the 28th day of September, 2009.

                                                            D. NEIL HARRIS & ASSOCIATES, P.A.
                                                           D. NEIL HARRIS, INDIVIDUALLY AND D/B/A
                                                           D. NEIL HARRIS & ASSOCIATES, PLAINTIFFS

By:*/s/ Christopher C. Van Cleave*
     Christopher C. Van Cleave (MSB #10796)

CLYDE H. GUNN, III (MSB #5074)
CHRISTOPHER C. VAN CLEAVE (MSB #10796)
W. CORBAN GUN (MSB #101752)
DAVID N. HARRIS, JR. (MSB #100790)
CORBAN, GUNN & VAN CLEAVE, P.L.L.C.
P. O. Drawer 1916
Biloxi, MS 39533-1916
Telephone: (228) 432-7826
Facsimile: (228) 456-0998
Email: christopher@cgvclaw.com

**CERTIFICATE OF SERVICE**

  I, undersigned counsel of record, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

  H. Scot Spragins, Esquire
  Hickman, Goza & Spragins, PLLC
  P. O. Drawer 668
  Oxford, MS 38655-0668

  This the 28th day of September, 2009.

            By:*/s/ Christopher C. Van Cleave*
              Christopher C. Van Cleave (MSB #10796)